UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE, JANE GAMBINO, as Administrator of Estate,<br><br>Plaintiff,<br><br>v.<br><br>THE TOWN OF WARWICK, LIEUTENANT JOHN D. RADER (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the Town of Warwick Police Department), THE VILLAGE OF FLORIDA, OFFICER STANLEY C LUPINSKI (Serial No.: 31), OFFICER JOHN M CARR (Serial No.: 33) "RICHARD and/or RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be police officers and/or employees of the Village of Florida Police Department) all of whom are sued individually and in their official capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No.:<br><br>COMPLAINT |

4

The Plaintiff, ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE, JANE GAMBINO, as Administrator of Estate, complaining of the Defendants by their attorney, RICHARD L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows upon information and belief:

### JURISDICTION

1. This federal civil rights action is brought pursuant to 42 U.S.C. §§ 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and pursuant to Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

### VENUE

3. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to Plaintiff's claim occurred and where the parties reside.

### PARTIES

4. At all relevant times, decedent NICHOLAS CHRISTIAN GAMBINO-VASILE was a citizen of the United States.

5. At all relevant times, JANE GAMBINO, as Administrator of Estate, was and still is a citizen of the United States, residing at 570 Fern Avenue N.E., Palm Bay, FL 32907.

5

5.     At all relevant times, JANE GAMBINO, as Administrator of Estate, was and still is a citizen of the United States, residing at 570 Fern Avenue N.E., Palm Bay, FL 32907.

6.     At all relevant times, Defendant TOWN OF WARWICK was and still is a public corporation as defined in Section 66 of the General Construction Law of the State of New York, organized and existing under the laws of the State of New York with its principal offices located at 132 Kings Highway, Warwick, New York 10990.

7.     At all times mentioned, the Town of Warwick Police Department ("WPD") was a department or agency of the TOWN OF WARWICK that was and is responsible for the appointment, training, supervision, promotion and discipline of police officers of the WPD, including Defendants LIEUTENANT JOHN D. RADER, Serial No.: 103, OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), employees of the Town of Warwick Police Department, and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc.

8.     At all times mentioned, the Village of Florida was and still is a public corporation as defined in Section 66 of the General Construction Law of the State of New York, organized and existing under the laws of the State of New York with its principal offices located at 33 South Main Street, PO Box 505, Florida, New York 10921.

9.     At all times mentioned, the Village of Florida Police Department ("FPD") was a department or agency of the VILLAGE OF FLORIDA that was and is responsible for the appointment, training, supervision, promotion and discipline of police officers of the FPD,

6

including OFFICER STANLEY C LUPINSKI (Serial No.: 31), JOHN M CARR (Serial No.: 33) and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc.

10. On August 20, 2015, decedent NICHOLAS CHRISTIAN GAMBINO-VASILE died in an automobile accident, the facts of which are hereinafter stated.

11. On June 8, 2016, Letters of Limited Administration were issued and granted to plaintiff JANE GAMBINO, by the Surrogate's Court of the State of New York, Orange County, with plaintiff JANE GAMBINO qualified and acting as Administrator of the Estate of NICHOLAS CHRISTIAN GAMBINO-VASILE. See letters attached as **Exhibit A**.

## ADMINISTRATIVE PROCEEDINGS

12. On or about November 13, 2016, pursuant to New York State General Municipal Law § 50-e(1), Plaintiff served Defendant TOWN OF WARWICK with a Notice of Claim.

13. More than thirty (30) days have elapsed since Plaintiff's Notice of Claim was served on Defendant TOWN OF WARWICK.

14. Plaintiff appeared and was questioned at an administrative hearing pursuant to New York General Municipal Law Section 50-h on January 29, 2016.

15. This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

16. Plaintiff is not barred from bringing the within action in Federal Court and Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

17.    On or about November 13, 2016, pursuant to New York State General Municipal Law § 50-e(1), Plaintiff served Defendant VILLAGE OF FLORIDA with a Notice of Claim.

18.    More than thirty (30) days have elapsed since Plaintiff's Notice of Claim was served on Defendant VILLAGE OF FLORIDA.

19.    Plaintiff appeared and was questioned at an administrative hearing pursuant to New York General Municipal Law Section 50-h on January 29, 2016.

20.    This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

21.    Plaintiff is not barred from bringing the within action in Federal Court and Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.


## FACTUAL ALLEGATIONS

22.    On August 20, 2015, commencing at approximately 4:45 p.m., decedent NICHOLAS CHRISTIAN GAMBINO-VASILE, a 20-year old White male, was unlawfully pulled over for a traffic stop and pursued at a high rate of speed, beginning in the TOWN OF WARWICK, New York and continuing through the VILLAGE OF FLORIDA. At no time did the police officers have probable cause to pursue decedent and/or have need to perform a traffic stop on decedent. LIEUTENANT JOHN D. RADER, attempted to pull over and detain the decedent for no apparent reason while he was directing traffic at a TOWN OF WARWICK intersection. When the decedent did not stop, LIEUTENANT JOHN D. RADER caused a high speed pursuit with the decedent

8

travelling down crowded roads between the town of Warwick and Village of Florida. LIEUTENANT JOHN D. RADER did radio for back up officers to also engage in a high speed pursuit causing to push the decedent to drive faster without regard for the public or the decedent suspect.

23.    LIEUTENANT JOHN D. RADER, and back up officers, OFFICER FELIX F. ORESTO, OFFICER MICHAEL MOON, OFFICER JASON N. BRASIER, OFFICER JAMES V. FERAGOLA, OFFICER MICHAEL KEARNS, CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA,  and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI, JOHN M CARR and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department) unlawfully engaged in a high speed police pursuit of the decedent, all in violation of the ordinances, rules, regulations, statutes and/or training and policies with reference to excessive speed police pursuits.

24.    The unlawful high speed pursuit went on for an extended period of time across the span of two towns and resulted in the decedent crashing the 2005 Acura RSX with New York license plate number GTV1585 which he was driving.  The impact occurred on Main Street in the VILLAGE OF FLORIDA, New York on August 20, 2015.

25.    The force used to pursue decedent NICHOLAS CHRISTIAN GAMBINO-VASILE was unnecessary, unreasonable and excessive.  At no time did the Defendant police officers have any legal cause or excuse for Plaintiff's seizure.

26.    The decedent was pronounced dead on August 20, 2015, the cause of death was

blunt force trauma due to an automobile collision, upon information and belief the decedent was not charged with any crimes in relation to this incident.

## LIABILITY OF INDIVIDUAL DEFENDANTS

27.    Upon information and belief, at the times and places mentioned above, Defendants' LIEUTENANT JOHN D. RADER (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), JOHN M CARR (Serial No.: 33) and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), all of whom are sued individually and in their official capacities, knew or should have known that a vehicular pursuit at an excessive rate of speed would result in serious property damage, serious personal injury, or, as in the case at bar, loss of life.

28.    Upon information and belief, at the times and places mentioned above, Defendants' LIEUTENANT JOHN D. RADER (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), and/or JOHN and/or JANE DOES Nos. 1, 2,

10

3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), JOHN M CARR (Serial No.: 33) and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), all of whom are sued individually and in their official capacities, unlawfully deprived decedent NICHOLAS CHRISTIAN GAMBINO-VASILE of his constitutional and civil rights, including but not limited to the right to not have life, limb or property taken without due process of law.

29.     Upon information and belief, at the times and places mentioned above, Defendants' LIEUTENANT JOHN D. RADER, (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), JOHN M CARR (Serial No.: 33) and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), all of whom are sued individually and in their official capacities, intentionally and/or negligently inflicted emotional distress upon decedent NICHOLAS CHRISTIAN GAMBINO-VASILE.

30.     Upon information and belief, at the times and places mentioned above, Defendants' LIEUTENANT JOHN D. RADER, (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.:

11

1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), JOHN M CARR (Serial No.: 33) and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), all of whom are sued individually and in their official capacities, deprived decedent NICHOLAS CHRISTIAN GAMBINO-VASILE of his constitutional and civil rights, including the right to be free from the intentional use of unreasonable force.

31.     Upon information and belief, at the times and places mentioned above, Defendants' LIEUTENANT JOHN D. RADER, (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), JOHN M CARR (Serial No.: 33) and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), all of whom are sued individually and in their

official capacities, deprived decedent NICHOLAS CHRISTIAN GAMBINO-VASILE of his constitutional and civil rights, including the right of a person not to be unreasonably seized.

32.     Upon information and belief, at the times and places mentioned above, Defendants' LIEUTENANT JOHN D. RADER, (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), JOHN M CARR (Serial No.: 33) and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), through their individual acts and omissions, were deliberately indifferent to, and acted in reckless disregard of decedent NICHOLAS CHRISTIAN GAMBINO-VASILE's federal and state constitutional rights, privileges and immunities, and directly caused his death.

**LIABILITY OF DEFENDANTS, TOWN OF WARWICK and VILLAGE OF FLORIDA**

33.     Upon information and belief, all of the acts and omissions by the individual Defendants were carried out with full knowledge, consent and cooperation, and under the supervisory authority of Defendants TOWN OF WARWICK and VILLAGE OF FLORIDA.

34.     Upon information and belief, Defendant TOWN OF WARWICK and VILLAGE OF FLORIDA by its policy-making agents, servants and employees, authorized, sanctioned and/or ratified these Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts

13

and omissions; and/or allowed or encouraged these acts and omissions to continue including but not limited to stopping civilian vehicles without cause and engaging in dangerous high speed pursuits without probable cause or without being mindful of the safety of the public or the suspect in pursuit.

35. Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the TOWN OF WARWICK and VILLAGE OF FLORIDA, which is implemented by police officers of said Town, inter alia: to summarily, without efforts to explain or conciliate, punish persons who question the manner, authority or directives of police officers of the TOWN OF WARWICK and VILLAGE OF FLORIDA and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

36. Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the TOWN OF WARWICK and VILLAGE OF FLORIDA for a substantial period of time.

37. Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the TOWN OF WARWICK and VILLAGE OF FLORIDA have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority; and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent disregard of, the effect

14

of said policies, customs and practices upon the constitutional rights of persons in the TOWN OF WARWICK and VILLAGE OF FLORIDA.

38.    Upon information and belief, and without limiting the foregoing, the Defendant TOWN OF WARWICK and VILLAGE OF FLORIDA has specifically failed to terminate said practices in the following manner:

      (a)    Has failed to properly train, instruct, and discipline police officers with regard to probable cause;

      (b)    Has failed to properly train, instruct, and discipline police officers with respect to use of their authority; and

      (c)    Has failed to properly train, instruct and supervise police officers in the hazards, risks, dangers and unlawfulness of high speed pursuits.

39.    The knowing and repeated failure of the Defendant TOWN OF WARWICK and VILLAGE OF FLORIDA to properly supervise, train and discipline said officers actually caused the death of decedent NICHOLAS CHRISTIAN GAMBINO-VASILE.

40.    Upon information and belief, Defendant TOWN OF WARWICK and VILLAGE OF FLORIDA knew or should have known that the acts alleged herein would deprive decedent NICHOLAS CHRISTIAN GAMBINO-VASILE of his rights without due process of law, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York, including, without limitation, decedent's rights to freedom from deprivation of liberty without due process of law, freedom from unreasonable seizure, freedom from unreasonable and excessive use of force against his person, equal protection of the laws, and equal privileges and immunities under the laws.

41.    Defendant TOWN OF WARWICK and VILLAGE OF FLORIDA is also directly liable and responsible for the acts of the individual Defendants under the doctrine of *respondeat superior*.

15

**FIRST CAUSE OF ACTION**
(Constitutional Violations -- 42 U.S.C. § 1983)

42. The Plaintiff ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE, JANE GAMBINO as Administrator of the Estate, hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

43. Defendants subjected decedent NICHOLAS CHRISTIAN GAMBINO-VASILE to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving decedent NICHOLAS CHRISTIAN GAMBINO-VASILE of his rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

(a)   freedom from unreasonable seizure;
(b)   freedom from false detention, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention decedent NICHOLAS CHRISTIAN GAMBINO-VASILE did not consent;
(c)   freedom from unreasonable and excessive use of force;
(d)   freedom from deprivation of liberty without due process of law; and
(e)   equal protection, privileges and immunities under the laws.

44. Defendants' deprivation of decedent NICHOLAS CHRISTIAN GAMBINO-VASILE's constitutional rights resulted in the injuries and damages set forth above.

**SECOND CAUSE OF ACTION**
(Claim Against Defendants TOWN OF WARWICK and VILLAGE OF FLORIDA for Failure to Train, Supervise and Discipline
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 )

45. The Plaintiff ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE, JANE GAMBINO as Administrator of Estate, hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

46. Defendant TOWN OF WARWICK AND VILLAGE OF FLORIDA, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately

16

train, supervise and discipline its employees and agents, including the named and unnamed Defendants in this case, regarding civilians' rights of obtaining probable cause to ensure that civilians not be falsely detained without probable cause and deprived of due process.

47. Defendant TOWN OF WARWICK AND VILLAGE OF FLORIDA had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because Defendants knew that it was foreseeable that officers would confront situations requiring high speed pursuits and probable cause and that without the necessary training, supervision and discipline, constitutional violations would result. Yet, Defendants TOWN OF WARWICK AND VILLAGE OF FLORIDA chose not to provide such training, supervision and discipline.

48. This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed Defendants to engage in the conduct which proximately and directly caused Plaintiff's injuries and damages set forth above.

### THIRD CAUSE OF ACTION
(New York State Constitutional Violations)

49. The Plaintiff ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE, JANE GAMBINO as Administrator of Estate, hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

50. Such conduct breached the protections guaranteed to persons, including but not limited to decedent NICHOLAS CHRISTIAN GAMBINO-VASILE by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights:

    (a)    freedom from unreasonable seizure;
    (b)    freedom from false detention, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention decedent NICHOLAS CHRISTIAN GAMBINO-VASILE did not consent;

17

(c)     freedom from unreasonable and excessive use of force;
(d)     freedom from deprivation of liberty without due process of law; and
(e)     equal protection, privileges and immunities under the laws.

51. Defendants' deprivation of decedent NICHOLAS CHRISTIAN GAMBINO-VASILE's

rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FOURTH CAUSE OF ACTION
(False Detention)

52. The Plaintiff ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE, JANE

GAMBINO as Administrator of Estate, hereby realleges and incorporates by reference each and

every allegation above as if fully set forth herein.

53. Upon information and belief, at all relevant times Defendants' LIEUTENANT JOHN D.

RADER, (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER

MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054),

OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial

No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER

RICHARD KOZIOLA (Serial No.: 1030), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose

identities are unknown but who are known to be police officers and/or employees of the New York

TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31),

OFFICER JOHN M CARR (Serial No.: 33), and RICHARD and/or RACHEL ROES Nos. 1, 2, 3,

etc. (whose identities are unknown but who are known to be police officers and/or employees of

VILLAGE OF FLORIDA Police Department), and TOWN OF WARWICK AND VILLAGE OF

FLORIDA unlawfully caused, ordered, approved and/or knowingly failed to prevent decedent

NICHOLAS CHRISTIAN GAMBINO-VASILE's wrongful detention, thereby depriving him of

his liberty without good faith, reasonable suspicion or other legal justification.

18

54. Decedent NICHOLAS CHRISTIAN GAMBINO-VASILE did not consent to such detention.

55. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for decedent NICHOLAS CHRISTIAN GAMBINO-VASILE's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

56. The Plaintiff ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE. JANE GAMBINO as Administrator of Estate, hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

57. The individual Defendants' LIEUTENANT JOHN D. RADER, (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), OFFICER JOHN M CARR (Serial No.: 33), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), by their aforementioned acts, did intentionally, willfully, and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

19

58. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

59.    The Plaintiff ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE. JANE GAMBINO as Administrator of Estate, hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

60. The individual Defendants' LIEUTENANT JOHN D. RADER, (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), OFFICER JOHN M CARR (Serial No.: 33), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

## SEVENTH CAUSE OF ACTION
(Negligence of the Individual Defendants)

61. The Plaintiff ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE. JANE GAMBINO as Administrator of Estate, hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

20

62. The individual Defendants' LIEUTENANT JOHN D. RADER, (Serial No.: 1032), OFFICER FELIX F. ORESTO (Serial No.: 1023), OFFICER MICHAEL MOON (Serial No.: 1050), OFFICER JASON N. BRASIER (Serial No.: 1054), OFFICER JAMES V. FERAGOLA (Serial No.: 1061), OFFICER MICHAEL KEARNS (Serial No.: 1062), CHIEF OF POLICE THOMAS F. MCGOVERN (Serial No.: 1000), OFFICER RICHARD KOZIOLA (Serial No.: 1030), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the TOWN OF WARWICK Police Department), OFFICER STANLEY C LUPINSKI (Serial No.: 31), OFFICER JOHN M CARR (Serial No.: 33), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and/or employees of the VILLAGE OF FLORIDA Police Department), by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;

(b) carelessly and recklessly seized and detained decedent NICHOLAS CHRISTIAN GAMBINO-VASILE; and

(c) carelessly and recklessly pursued decedent NICHOLAS CHRISTIAN GAMBINO-VASILE without probable cause.

63. The negligent actions of the individual Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

**WHEREFORE,** Plaintiff ESTATE OF NICHOLAS CHRISTIAN GAMBINO-VASILE. JANE GAMBINO as Administrator of Estate, demands the following relief against Defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of Defendants unconstitutional;

(b) full and fair compensatory damages in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
      August _10_, 2016

Yours, etc.,

RICHARD L. GIAMPA, ESQ., P.C.
Attorney for the Plaintiff
ESTATE OF NICHOLAS CHRISTIAN
GAMBINO-VASILE. JANE GAMBINO as
Administrator of Estate 860 Grand Concourse,
Suite 1H
Bronx, New York 10451
(718) 665-7700

22